Roach agt. Duckworth.

---

## SUPREME COURT.

John Roach and others, respondents, agt. Isaac F. Duckworth, appellant.

*Creditors' action against trustee of manufacturing corporation — When enforcement of judgment will be restrained.*

A loan of $6,000 was made by A. to B., as president of a corporation, B. giving as collateral security $6,000 of the corporation's bonds, of which he was the owner. The indebtedness was not paid, and A. caused the bonds to be sold at auction. They were purchased by one C. for the

nominal sum of $640, in the interest of and for A., the seller of the bonds. A judgment was recovered by C. against R., who was trustee of the corporation, for the amount of the bonds, upon the ground that the trustees had failed to comply with the statutory requirement as to filing annual reports. C., without the knowledge of A., satisfied the judgment and it was discharged of record. A motion to set aside the satisfaction because A. was the real owner of the judgment, was denied. A. then, in a suit in his own name against R. and the other trustees for the same defaults in filing annual reports, recovered a judgment for the loan to the corporation. The fact that A. sued in C.'s name, and that both claims belonged in fact to A., were unknown to R. and his co-trustees until long after both judgments were obtained. R. then brought this action to enjoin A. from enforcing his judgment.

*Held,* that the action sought to be enjoined being clearly an attempt to recover the same penalty twice by a course of proceeding altogether indefensible in equity and morals, the court below was entirely justified in holding the defendant strictly to consequences that followed on the recovery of the first judgment and compromise and discharge thereof by the accomplice of the defendant in the wrongful scheme to extort the double penalty (*Affirming S. C.*, 61 *How.*, 128).

*First Department, General Term, May,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

*Hatch & Van Allen,* for appellant.

*George W. Van Siclen,* for respondent.

DAVIS, *P. J.*—This appeal is from a judgment perpetually enjoining the collection of a judgment of the court of common pleas, for a recovery of damages and costs, and two judgments for costs on appeal to the general term of that court and to the court of appeals. The judgment in this case rests substantially upon the fact that a prior judgment had been recovered against the present plaintiffs in the name of another person, but really for and on behalf of the present defendant for the same cause of action, which prior judgment if the facts had been known could have been pleaded in bar to the recovery of the judgment the collection of which is now sought to be enjoined; and which judgment was after-

wards satisfied and discharged by the party in whose name it had been recovered. It is manifest that both actions were attempts by the defendants to enforce a penalty against the plaintiff Roach for the default of a corporation of which he was a trustee, in neglecting to make and file its report as required by statute. The corporation was indebted for borrowed money to the amount of $6,000 and interest; and in the form detailed in the opinion of the court below, a scheme was devised by which it was attempted (successfully so far as the recovery of the judgments was concerned) to collect of the defendant Roach double the amount of the loan to the corporation. The success of the scheme was defeated by the conduct of an attorney's clerk, in whose name, as owner, the first suit was commenced, in which a judgment was recovered and afterwards compromised and settled in fraud of defendant (as it is claimed by him).

Both actions being for a penalty given by a statute, and the one now sought to be enjoined being clearly an attempt to recover such penalty twice by a course of proceeding altogether indefensible in equity and morals, the court below was entirely justified not only in enforcing the rules *strictissimi juris*, which the law applies to that class of actions, but in holding the defendant, upon the facts proved and found, strictly to the consequences that followed on the recovery of the first judgment and the compromise and discharge thereof by the accomplice of the defendant in the wrongful scheme to extort the double penalty.

If the cause of action for which the duplicate judgments were recovered had been an indebtedness of the plaintiffs in this suit it would, doubtless, be strictly equitable to require the payment of the amount actually owing and not paid as a condition of relief from the judgment sought to be restrained. But the plaintiffs owed no debt. The claim against them was a penalty for neglect of duty, as is now settled by the court of last resort. It is not inequitable, therefore, that the defendant should be held to the consequences adjudged to him by

the special term. The case is disposed of in accordance with and upon the grounds assigned by VAN VORST, J., in *his* opinion in 61 *Howard*, 128, which we adopt as indicating more fully the grounds of our decision.

There seems to have been no errors affecting any substantial rights committed by the learned justice in the progress of the trial.

The judgment is therefore affirmed, with costs.

BRADY, J., concurs.